LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CARLOS COLON,
on behalf of himself and
FLSA Collective Plaintiffs and the Class,

        Plaintiffs,

v.

AMERICA WORKS OF NEW YORK, INC.,
and IOLETTE BROWN

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, CARLOS COLON (hereinafter, "Plaintiff"), on behalf of himself, FLSA Collective Plaintiffs and Class members, by and through his undersigned attorney, hereby files this Complaint against Defendants, AMERICA WORKS OF NEW YORK, INC. ("America Works" or "Corporate Defendant") and IOLETTE BROWN ("Individual Defendants" and together with Corporate Defendant, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendant: (1) unpaid overtime, (2) wages lost due to Defendants' policy of time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he, FLSA Collective Plaintiffs, and Class members are entitled to recover from Defendants: (1) unpaid overtime, (2) wages lost due to Defendant policy time-shaving, (3) spread of hours premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

3. Plaintiff further alleges, pursuant to New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), that he was deprived of his statutory rights as a result of Defendants' discriminatory employment practices, and seeks to recover (1) economic damages, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff, FLSA Collective Plaintiffs and members of the Class pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff, CARLOS COLON, is a resident of The Bronx, New York.

7. Upon information and belief, Defendant, AMERICA WORKS OF NEW YORK, INC., is a domestic business corporation organized under the laws of New York, with a principal place

of business and an address for service of process located at 228 East 45th Street, 16th Floor, New York, NY 10017.

8. Upon information and belief, Defendant, IOLETTE BROWN, is the Director and/or Chief Executive Officer of Defendant, AMERICA WORKS OF NEW YORK, INC., IOLETTE BROWN exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and members of the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and members of the Class, she exercised her power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiff was hired, and his employment was terminated, directly by IOLETTE BROWN. At all times, employees of AMERICA WORKS OF NEW YORK, INC. could complain to IOLETTE BROWN  directly regarding any of the terms of their employment, and IOLETTE BROWN would have the authority to effect any changes to the quality and terms of employees' employment. IOLETTE BROWN directly reprimanded any employee who did not perform their duties correctly. IOLETTE BROWN exercised functional control over the business and financial operations of the Corporate Defendant.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

9. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to maintnence workers, case workers, handymen, security guards, administrative assistants, clerks, and janitors employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and

have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek, and for all hours worked due to a policy of timeshaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

11. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

12. Plaintiff brings claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees with job titles including, but not limited to maintenance workers, case workers, handymen, security, administrative assistants, clerks, and janitors who were unjustly compensated, throughout New York State, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

13. All said persons, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

Notice can be provided by means permissible under F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there are more than forty (40) members of the Class.

15. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay just compensation due to a practice of time-shaving, (iii) failing to provide proper wage statements to Class members as required under the New York Labor Law, and (v) failing to provide proper wage and hour notices to Class members per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any

questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d) Whether Defendants failed to properly compensate Plaintiff and Class members for overtime under state and federal law for all hours worked over 40 per workweek;

    e) Whether Defendants practiced a policy of time shaving;

    f) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

    g) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

    h) Whether Defendants failed to pay the prevailing wage agreed upon in contracts with the City of New York to which Plaintiffs are third-party beneficiaries.

## **STATEMENT OF FACTS**

### *Wage and Hour Allegations*

20. Plaintiff, CARLOS COLON, was initially hired by Defendants on or around January 8, 2018 to assist in moving to a new office located at 1231 Lafayette Avenue, Bronx, New York. Plaintiff worked for Defendants in this capacity for two weeks.

21. During this period Plaintiff worked five days per week from 8:00 a.m. to 5:00 p.m. and was paid a fixed daily rate of $100.  Despite working more than forty hours each week, Plaintiff was not paid any overtime premiums.  Furthermore, there was never any agreement or understanding that his fixed pay was intended to include overtime premiums.

22. During this period, as well as all other relevant times, Plaintiff was an employee of Defendants.  Plaintiff was required to work a schedule set by Defendants, his work was closely supervised, he used tools and equipment supplied by Defendants, and could not take any breaks without Defendants' permission.  Furthermore, Plaintiff was hired with the understanding that after the move was completed he would work full time at the new facility as a maintenance worker.

23. On or around January 22, 2018 Plaintiff started working as a maintenance worker at Defendants' facility located at 1231 Lafayette Avenue, Bronx, New York.  Plaintiff continued working for Defendants in this capacity until his termination on August 24, 2018.  Plaintiff's primary duties were cleaning the bathrooms and performing general maintenance.

24. Throughout Plaintiff's employment, Defendants had a policy and practice of automatically deducting one hour from Plaintiff's pay each day for a lunch break.  However, due to the demands of Plaintiff's job, he was never able to take an uninterrupted lunch break lasting longer than twenty (20) minutes.  Based on Plaintiff's observations and conversations with other employees, including non-exempt office workers, FLSA Collective Plaintiffs and Class members

8

similarly had one hour deducted each day for a lunch break, despite not being able to take an uninterrupted break.

25. During this period, Plaintiff was paid an hourly rate of $13.50. Throughout his employment Plaintiff was required to work five days per week from 8:00 a.m. to 6:00 p.m., for a total of fifty (50) hours per week. However, Plaintiff was only compensated for his scheduled work hours, which were five days per week from 8:30 a.m. to 4:30 p.m., with a one hour unpaid lunch break, for a total of thirty-five (35) hours per week. Plaintiff was provided with a list of tasks that he was required to complete each day, it was impossible for Plaintiff to complete all the tasks within his scheduled hours. As a result, including the unpaid meal break time, Plaintiff worked fifteen (15) hours "off the clock" each week which was uncompensated. Based on Plaintiff's observations, and conversations with other employees, including non-exempt office workers, FLSA Collective Plaintiffs and Class members were similarly only paid for their scheduled hours, despite working significant additional hours.

26. On at least two occasions Plaintiff complained to his direct supervisor, Melissa Blaze, about Defendants improper time shaving and meal break policies. Ms. Blaze responded on both occasions that Plaintiff would only be paid for thirty-five (35) hours no matter what, and that if he didn't want to work unpaid, he should work faster.

27. Despite regularly working in excess of forty (40) hours per week, CARLOS COLON did not receive proper overtime payments at a rate of pay one and one-half times his regular hourly rate during his employment by Defendants, as required under the FLSA and NYLL.

28. Based on his observations and conversations with other employees, all FLSA Collective Plaintiffs and Class members similarly did not receive all due overtime payments.

29. At all times during Plaintiff's employment with Defendants, he would work longer than his stated hours, but he would still only get paid for the hours he was scheduled to work that day. This constitutes a policy of time-shaving that is in violation of both the FLSA and the New York Labor Law.

30. Based on his observations and conversations with other employees, all FLSA Collective Plaintiffs and Class members were subject to similar time shaving policies.

31. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL.

32. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and members of the Class in this litigation, and has agreed to pay the firm a reasonable fee for its services.

*Plaintiff Carlos Colon's Discrimination Claims*

33. Plaintiff is Hispanic, he is therefore a member of a protected class as defined by the NYSHRL and NYCHRL. Plaintiff was at all times qualified to hold his position.

34. On at least three occasions, Plaintiff's supervisor, Melissa Blaze reprimanded Plaintiff for speaking Spanish, his native language, in the office to co-workers and to clients. Ms. Blaze specifically told Plaintiff that he was not allowed to speak any Spanish in the office, even as part of casual conversations with co-workers, and threatened Plaintiff with termination if she saw him speaking Spanish again.

35. There was no legitimate reason for Defendants' English-only policy and was motivated by discriminatory animus towards Plaintiff's national origin.

36. Plaintiff complained that the English-only policy was discriminatory to the director of the office, Iolette Brown.  Ms. Brown told Plaintiff to stop causing trouble.  Specifically, Ms. Brown told Plaintiff to "stay in your place, and do your job."

37. In August 2018, Plaintiff complained a second time to Ms. Brown about the prohibition of speaking Spanish during work hours.  This time Ms. Brown stated that she would speak to Plaintiff at a later time about this issue.  A few days later, Ms. Brown approached Plaintiff while he was cleaning the men's restroom.  She stated that she did not like Plaintiff's attitude, and that he was causing too much trouble, she then stated that she was suspending him for a period of two weeks to "teach a lesson about knowing your place."

38. Upon Plaintiff's return from his suspension he was informed he was being terminated. Plaintiff did not receive any sort of written notice setting forth the reason for his termination.

39. Plaintiff's termination was retaliation for Plaintiff's complaints about Defendants' discriminatory policy prohibiting him from speaking his native language in the workplace.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiffs reallege and reaver Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

43. Upon information and belief, at all relevant times, Defendant, AMERICA WORKS OF NEW YORK, INC., had gross revenues in excess of $500,000.

44. At all relevant times, the Defendants failed to pay Plaintiff, and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

45. Defendants failed to compensate Plaintiff and FLSA Collective Plaintiffs for the full amount of hours worked. This practice of time-shaving is in violation of the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

47. Plaintiff and FLSA Collective Plaintiffs are due an equal amount of determined damages as liquidated damages.

48. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs, and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

50. Plaintiffs reallege and reaver Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

52. Defendants willfully violated the rights of Plaintiff and Class members, by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

53. Defendant willfully violated the rights of Plaintiff and Class members, by practicing a policy of time-shaving, in violation of the New York Labor Law.

54. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

55. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law §195(3).

56. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid wages due to time-shaving, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

### (NEW YORK EXECUTIVE LAW § 296, et seq.)

57. Plaintiffs reallege and reaver Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. Plaintiff CARLOS COLON is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

59. Defendants violated Plaintiff DANILO MERA's statutory protected rights under the NYSHRL, New York Executive Law § 296, by subjecting Plaintiff to discriminatory employment policies and a hostile work environment on the basis of his race, ethnicity and national origin, throughout his employment with Defendants.

60. Defendants further retaliated against Plaintiff by terminating his employment in response to bringing bona fide complaints regarding Defendants' discriminatory employment policies, as well as comments made by Plaintiff's direct supervisor.

61. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

62. As a result of Defendants' unlawful employment practice under the NYSHRL, Plaintiff CARLOS COLON sustained injury, including economic damages, past and future emotional distress and the costs of bringing this action.

63. Due to Defendants' violation under the NYSHRL, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices described herein; (2) back pay; and (3) compensatory damages.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

### (NEW YORK CITY ADMINISTRATIVE CODE § 8-101, et seq.)

64. Plaintiffs reallege and reaver Paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65. Defendants have had at all relevant times herein, at least four (4) persons in their employ. Plaintiff CARLOS COLON is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

66. Defendants violated Plaintiff's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by subjecting Plaintiff to discriminatory employment policies and a hostile work environment on the basis of his race, ethnicity and national origin, throughout his employment with Defendants.

67. Defendants further retaliated against Plaintiff by terminating his employment in response to bringing bona fide complaints regarding Defendants' discriminatory employment policies, as well as comments made by Plaintiff's direct supervisor.

68. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYCHRL.

69. As a result of Defendants' unlawful employment practice under the NYCHRL, Plaintiff sustained injury, including economic damages, past and future emotional distress and the costs of bringing this action.

70. Due to Defendants' violation under the NYCHRL, Plaintiff CARLOS COLON is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices described herein; (2) back pay; (3) compensatory damages; (4) punitive damages; and (4) attorney's and expert fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of themselves, FLSA Collective Plaintiffs, and Class members respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid hours due to a policy of time shaving due under the FLSA and the New York Labor Law.

e. And award of unpaid spread of hours premiums due under the New York labor Law.

f. An award of statutory penalties as a result of Defendants' failure to comply with the New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

i. An award of back pay accrued as a result of caused by Defendants' unlawful discriminatory practices and retaliation under the NYSHRL and NYCHRL;

j. An award of compensatory damages for physical and emotional suffering as a result of Defendants' unlawful discriminatory practices, under the NYSHRL and NYCHRL;

k. An award of punitive damages for Defendants' unlawful discriminatory practices under the NYCHRL;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

m. An award of statutory penalties, and prejudgment and post-judgment interest;

n. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

o. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: November 16, 2018

           Respectfully submitted,

           LEE LITIGATION GROUP, PLLC
           C.K. Lee (CL 4086)
           William Brown (WB 6828)
           30 East 39th Street, Second Floor
           New York, NY 10016
           Tel.: 212-465-1188
           Fax: 212-465-1181
           *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*


           By:   */s/ C.K. Lee*
                 C.K. Lee, Esq. (CL 4086)