# EXHIBIT A

## WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between Carlos Colon ("Claimant" or "Plaintiff") and America Works of New York, Inc. ("AWNY") and Iolette Brown (collectively "Defendants"), (Claimant and Defendants are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of July 16, 2019.

## RECITALS

A.   WHEREAS, on or about November 19, 2018, Claimant filed an action (the "Action") against Defendants, alleging, *inter alia*, that Defendants failed to pay him certain wages due in connection with services he performed on Defendants' behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 18-CV-10812;

B.   WHEREAS, no court has considered or determined the claims presented;

C.   WHEREAS, Defendants admit no wrongdoing, nor any liability with respect to Claimant's allegations, and the Settling Parties wish to avoid the burdens and expense of protracted litigation;

D.   NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1. Consideration. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

2. Settlement Compensation and Release

AWNY agrees to pay Claimant the settlement amount of $16,000 (the "Settlement Amount"), as follows:

No later than ten (10) days after delivery of this Settlement Agreement executed by Claimant, AWNY shall deliver to Lee Litigation Group, PLLC, 148 W. 24th Street, 8th Floor, New York, NY 10011, three checks totalling $16,000, in settlement of this Action. Said sum will be paid in the following manner:

(a) Eight thousand three hundred thirty-five dollars and zero cents ($8,335.00), less applicable deductions and withholdings, to "Carlos Colon", which shall constitute the payment of wages;

(b) Two thousand three hundred thirty-one dollars and sixty-seven cents ($2,331.67), made payable to "Carlos Colon", which is to be treated as 1099 income for Plaintiff's allegation of liquidated damages. Plaintiff shall provide AWNY with a fully executed W-9 form as a pre-condition of the issuance of this check.

(c) Five thousand three hundred thirty-three dollars and thirty-three cents ($5,333.33), made payable to Plaintiff's counsel, "Lee Litigation Group, PLLC", as and for Plaintiff's attorneys' fees. Lee Litigation Group, PLLC shall provide AWNY with a fully executed W-9 form as a pre-condition of the issuance of this check.

To the extent this Agreement is not yet approved by the Court upon the receipt of any payment, Plaintiff's counsel shall retain such amounts in escrow, to be released upon approval and dismissal of the Action. Should the Settling Parties application for judicial approval be denied, Plaintiff's counsel shall remit the amounts retained in escrow to AWNY within 5 days.

AWNY will not withhold any sums from the liquidated damages or attorneys' fees portion of the settlement payment. To the extent there are any additional tax consequences to Colon or Defendants arising from the payment of this settlement amount other than those normally attendant to 1099 income, Colon agrees to indemnify and hold Defendants harmless for all additional taxes, interest and penalties stemming from Colon's failure to file and pay any taxes due and owing from him only.

For and in consideration of the payment provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably and forever releases and discharges Defendants, their present, past and future owners, affiliates, subsidiaries, related business entities, parent companies, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, attorneys, heirs, agents, insurers, executors and administrators, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these, solely in their capacity as such (hereinafter collectively referred to as "Releasees"), from all wage and hour charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expenses, including, but not limited to, all claims for penalties, general damages, liquidated damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs actually incurred that Plaintiff had, now has, or in the future may or could have, arising out of or relating to any matter which he has raised in this Action, whether brought on an individual basis or as part of a class or collective, including, without limitation claims regarding or relating to the payment of his wages during or after his employment, under the Fair Labor Standards Act, the New York Labor Law, and/or any and all other federal, state, and local laws regarding the payment of wages (whether statutory, decisional, or regulatory), up to the date of the execution of this Settlement Agreement and Release.

Plaintiff understands that this Settlement Agreement and the release in this Section 2 do not release any claims that he cannot lawfully release, as this Settlement Agreement is expressly tailored to any of Plaintiff's wage claims. This release does not prohibit Plaintiff from filing a charge with any governmental administrative agency, such as the EEOC, as long as he does not personally seek reinstatement, damages, remedies, or other relief as to any claim that he has released, any right to which he hereby waives. Plaintiff further acknowledges that he was paid and has received all compensation, wages, bonuses, commissions, and benefits to which he was entitled and that no leave, compensation, wages, bonuses, commissions or benefits are due to him apart from the consideration to be paid under this Agreement, and that the consideration he is receiving pursuant to this Agreement is over and above any amounts he alleges were due to him. Further, Plaintiff acknowledges and agrees that he has not suffered any workplace injury that has not already been reported to AWNY.

3. No Disputes Pending or Assigned. Plaintiff represents that, aside from this Action, he does not currently have pending before any court or before any federal, state, or local governmental agency any dispute of any kind against Defendants. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any claim or dispute released by him herein. Plaintiff will discontinue and withdraw his claims in the action bearing Docket No. 18-CV-10812 pending in the United States District Court for the Southern District of New York with prejudice and without costs or attorneys' fees to any party, and will execute all necessary paperwork, including a stipulation of discontinuance with prejudice, if necessary, to effectuate that withdrawal.

4. Jurisdiction. The Settling Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

5. Headings. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

6. No Admission of Liability. The Settling Parties hereby agree and acknowledge that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants. Defendants expressly deny that the claims asserted by Plaintiff in this case have any merit whatsoever, and Defendants expressly deny they engaged in any wrongdoing of any kind with respect to Plaintiff.

7. Advice of Counsel. Plaintiff and Defendants acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiff and Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Settlement Agreement and Release in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that

they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

8. Voluntary Agreement. The parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

9. Entire Agreement. The parties agree that this Agreement represents the complete understanding between the parties and no other promises or agreements shall be binding unless in writing and signed by the parties.

10. Severability and Modification. If any provision of this Agreement is found to be invalid or unenforceable, then such provision shall be deemed to be deleted only to the extent that it is found to be invalid or unenforceable. Such an invalid or unenforceable provision shall not affect the validity of the remainder of this Agreement, and the remaining provisions shall continue in full force and effect.

11. Counterparts. This Agreement may be executed in counterparts, and delivered by facsimile or email, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leido este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
Carlos Colon

America Works of New York, Inc.

By: _____
Name: Lee Bowes
Title: CEO

_____
Iolette Brown

4812-0737-7052.1