```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CARLOS COLON,                                               :
                                      Plaintiff,            :
                                                            :             18 Civ. 10812 (LGS)
              -against-                                     :
                                                            :                 ORDER
AMERICA WORKS OF NEW YORK, INC., et                         :
al.,                                                        :
                                      Defendants.           :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/2/2019

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on June 7, 2019, the parties filed their joint letter and settlement agreement;

WHEREAS, on July 1, 2019, the Court held that release provisions in the parties' settlement agreement were overly broad;

WHEREAS, on July 16, 2019, the parties filed a revised settlement agreement addressing the overly broad releases. It is hereby

**ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors for determining whether proposed settlement is fair and reasonable). It is further

**ORDERED** that Plaintiff's counsel's request for $4,837.33 in attorneys' fees is **GRANTED**, but the requested $496 in costs is **DENIED** because Plaintiff's counsel did not file any records substantiating these costs. Should Plaintiff's counsel still seek these costs, they shall file the necessary records by **August 7, 2019**. The attorneys' fees amount is less than the lodestar calculation and approximately one-third of the settlement. The Court finds this amount to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude

and complexity.  *See Hui Luo v L & S Acupuncture, P.C.*, 649 Fed. Appx 1, 2 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Perez v AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee."); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011).  The remainder of the settlement shall be distributed to Plaintiffs.

Dated:  August 2, 2019
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2